**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4284**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY ADAM BOWEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:18-cr-00307-TLW-1)

Submitted:  November 17, 2020                    Decided:  November 19, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Wells Dickson, Jr., WELLS DICKSON, P.A., Kingstree, South Carolina, for Appellant. James Hunter May, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Adam Bowen pled guilty, pursuant to a written plea agreement, to conspiracy to possess and distribute methamphetamine, in violation of 21 U.S.C. § 846, and two counts of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). The district court sentenced Bowen to 372 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 and the reasonableness of Bowen's sentence.* Although notified of his right to do, Bowen has not filed a pro se supplemental brief. The Government also declined to file a brief. We affirm the district court's judgment.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *Williams*, 811 F.3d at

---

* Counsel also noted that Bowen's notice of appeal was late. In criminal cases, appeals periods are not jurisdictional, but are court-prescribed claim-processing rules that do not affect this court's subject-matter jurisdiction. *See United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009). Because the Government has not moved to dismiss the appeal as untimely, we conclude that dismissal of the appeal based on the untimely notice of appeal is not required.

622; *see also United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991). A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).

Because Bowen did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Bowen "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. "In the Rule 11 context, this inquiry means that [Bowen] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* (internal quotation marks omitted). We conclude that the district court substantially complied with Rule 11 and that any omissions did not affect Bowen's substantial rights. Moreover, the court ensured that Bowen entered the plea knowingly and voluntarily and that sufficient facts supported the plea. *See Fisher*, 711 F.3d at 464. Accordingly, we affirm Bowen's convictions.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id.* If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below

3

a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

At sentencing, the district court adopted Bowen's correctly calculated advisory Guidelines range, provided an opportunity for the parties to argue for an appropriate sentence, and afforded Bowen an opportunity to allocute. The court heard and considered but ultimately rejected counsel's arguments for a variant sentence in light of Bowen's egregious conduct, his disregard for the law, and extensive criminal record. Finally, in explaining the sentence, the court weighed the 18 U.S.C. § 3553(a) factors it deemed most relevant, particularly the serious nature of the offense, the need to protect the public, and to afford adequate deterrence. We conclude that Bowen has failed to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence. Thus, Bowen's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Bowen, in writing, of the right to petition the Supreme Court of the United States for further review. If Bowen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bowen.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*